IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| CHRISTOPHER S. GEORGE,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No. 3:24CV318 (RCY) |
| SERGEANT BROWN,<br>    Defendant. | )<br>)<br>)<br>) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's Motion for Entry of Default Judgment ("Motion for Default Judgment" or "Plaintiff's Motion," ECF No. 20), in which Plaintiff Christopher S. George ("Plaintiff" or "Mr. George") seeks entry of default judgment against Defendant Sergeant Brown ("Defendant" or "Sergeant Brown"). Sergeant Brown did not file a response to Plaintiff's Motion or any prior pleadings in this matter, and the deadline to respond has passed. Upon request from Plaintiff, the Clerk of Court entered default against Defendant on November 1, 2024. ECF No. 18.

The Court held a hearing on Plaintiff's Motion on December 11, 2025. At the Court's direction, the United States Marshals Service attempted to serve Sergeant Brown with a summons for the hearing at her last known residential address. Order, ECF No. 22. The summons was returned unexecuted, and only Plaintiff and his counsel ultimately appeared before the Court. ECF Nos. 24, 25. For the reasons stated from the bench and as elaborated upon herein, Plaintiff's Motion for Entry of Default Judgment is granted.

**I. BACKGROUND**

In his Complaint, Plaintiff alleges the following facts. On or about May 29, 2022, Mr. George was incarcerated at Sussex II State Prison ("Sussex II") in Sussex County, Virginia, in the custody and control of the Virginia Department of Corrections ("VDOC"). Compl. ¶ 5. Sergeant

Brown, an African American woman, was employed as a correctional officer at Sussex II.  *Id.* ¶ 6.  Mr. George was present in his cell during a regularly scheduled lockdown, but his cellmate was taking a shower.  *Id.* ¶ 8.  Sergeant Brown locked the cell with Mr. George inside.  *Id.*  Mr. George told Sergeant Brown that his cellmate should not be punished for missing lockdown simply because the cellmate had been in the shower.  *Id.* ¶ 9.  Mr. George further remarked that Sergeant Brown would not have locked the cellmate out of the cell if the cellmate "was black."  *Id.* ¶ 9.  Sergeant Brown responded, "'You should be careful what you say' in a threatening manner" and then left.  *Id.* ¶ 10.

Approximately 15 minutes later, Sergeant Brown returned to Mr. George's cell, unlocked it, and left the door cracked, despite the ongoing lockdown.  *Id.* ¶ 11.  Shortly thereafter, five inmates from a different Sussex II pod entered Mr. George's cell and "brutally attacked him with a shank."  *Id.* ¶ 12.  Mr. George reports he lost consciousness, chipped a tooth, and suffered six stab wounds during the attack.  *Id.*  His injuries required emergent medical care and "thereafter caused him extreme physical pain and emotional distress."  *Id.* ¶ 14.

Plaintiff filed his Complaint on May 7, 2024, suing Sergeant Brown in her individual capacity via 42 U.S.C. § 1983.  Compl., ECF No. 1.  Plaintiff first attempted to serve Sergeant Brown at Sussex II but was informed she no longer works at the prison.  Pl.'s Mem. Supp. Time-Sensitive Mot. for Leave to Serve Subpoena *Duces Tecum* ¶ 5, ECF No 5.  At Plaintiff's request, the Court authorized the issuance of a subpoena *duces tecum* to VDOC seeking, in part, the full name and last known address of Sergeant Brown.  *See id.* ¶¶ 6, 10; Order, ECF No. 6.  VDOC's response to the subpoena provided the personnel file and last known address of Sergeant Brown.  Pl.'s Mot. Clerk's Entry Default, Ex. 1, ECF No. 13.

The private process server employed by Plaintiff, William Showalter, represented in a sworn affidavit that, after a first attempt at service, he left a note on Sergeant Brown's door.

Summons, ECF No. 11. Sergeant Brown returned Mr. Showalter's phone call, verified her place of residence, and authorized posting the papers on her door where she would then retrieve them. *Id.* Mr. Showalter's affidavit reports that he subsequently posted the summons and Complaint for this matter at the door appearing to be the main entrance to Sergeant Brown's residence on July 11, 2024. *Id.* Sergeant Brown did not file a responsive pleading within 21 days as required by Federal Rule of Civil Procedure 12(a)(1)(A).

On October 2, 2024, the Court prompted Plaintiff to continue prosecution of this case or else face dismissal of the action. Order, ECF No. 12. Plaintiff sent, by certified mail, a copy of the summons and Complaint to Defendant and requested entry of default on October 7, 2024. Pl.'s Mot. Modify Dismissal Deadline ¶ 4, ECF No. 14. Plaintiff amended his request for entry of default on October 31, 2024, per the Court's Order identifying defects in the initial request. Pl.'s First Am. Mot. Clerk's Entry Default, ECF No. 17; Order, ECF No. 16. On November 1, 2024, the Clerk accordingly entered default against Defendant for failing to appear, plead, or otherwise defend this action within the time prescribed by the Federal Rules of Civil Procedure. Clerk's Entry of Default, ECF No. 18.

On March 25, 2025, the Court again prompted Plaintiff to further prosecute this case or otherwise face dismissal of the action. Order, ECF No. 19. Plaintiff subsequently filed the instant Motion for Entry of Default Judgment as to Defendant Sergeant Brown and a memorandum in support thereof on April 4, 2025. Pl.'s Mot. Entry Default J., ECF No. 20; Mem. Supp. Mot. Entry Default, ECF No. 21.

## II. STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs default judgment. Under Rule 55(a), "the clerk must enter the party's default" when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After

3

the clerk has entered default, the plaintiff may request the entry of a default judgment. *See* Fed. R. Civ. P. 55(b). If the claim is for a "sum certain or a sum that can be made certain by computation, the clerk . . . must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1). If the claim is not for a sum certain, the plaintiff must apply to the court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2).

The Fourth Circuit has expressed a strong preference that, as a general matter, defaults be avoided so that claims and defenses can be adjudicated on their merits. *Goldbelt Wolf, LLC v. Operational Wear Armor, LLC*, 2016 WL 726532, at *2 (E.D. Va. Feb. 22, 2016); *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417–18 (4th. Cir. 2010). However, "default judgment 'is appropriate when the adversary process has been halted because of an essentially unresponsive party.'" *Labuda v. SEF Stainless Steel, Inc.*, 2012 WL 1899417, at *2 (D. Md. May 23, 2012) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

When considering whether to enter default judgment, a court must exercise sound discretion. *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). "[T]he moving party is not entitled to default judgment as a matter of right." *Id*. "Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." *Globalsantafe Corp. v. Globalsantafe.Com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) (citations omitted).

In determining whether the facts alleged state a claim, the Court conducts the same analysis that it would if facing a Rule 12(b)(6) motion to dismiss. *See Getir U.S., Inc. v. <GETIR190.COM>, a domain name*, 2023 WL 3061870, at *4 (E.D. Va. Mar. 14, 2023) (citing *Globalsantafe Corp.*, 250 F. Supp. 2d at 612 n.3). Thus, under the 12(b)(6) standard, the complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

4

570 (2007)). The Court will "assume the facts alleged in the complaint are true and draw all reasonable factual inferences in [the plaintiff's] favor," *Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002), but conclusory allegations or legal arguments need not be accepted, *see Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (citation omitted).

Only after determining that the facts allege a claim does the Court turn to the question of awarding damages. *PharMerica East, LLC v. Healthlink of Va. Shores, LLC*, 2020 WL 877983, at *3 (E.D. Va. Feb. 20, 2020) (citing *J&J Sports Prods., Inc., v. Panana, LLC*, 2014 WL 5454323, at *1 (D. Md. Oct. 24, 2014)).

### III. DISCUSSION

**A. Jurisdiction & Venue**

A court must have both subject matter jurisdiction and personal jurisdiction over a defendant before it can render default judgment. *Citibank, N.A. v. Triplett,* 2014 WL 1153290, at *3 (E.D. Va. March 20, 2014). Here, the Court has subject matter pursuant to 28 U.S.C. § 1331, because this is a civil action arising under federal law, specifically 42 U.S.C. § 1983.

The Court also appears to have personal jurisdiction over Defendant. VDOC produced Sergeant Brown's last known address in Colonial Heights, Virginia, in response to a subpoena, and Sergeant Brown verified that address as her place of residence when speaking with the process server by phone. Pl.'s Mot. Clerk's Entry Default Ex. 1; Summons Returned Executed. General "at home" personal jurisdiction therefore exists with respect to Sergeant Brown because she is a natural person citizen of the Commonwealth of Virginia, residing in Colonial Heights. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011).

Venue is proper in this Court because Sergeant Brown resides within the Eastern District of Virginia and is the only Defendant named in this matter. *See* 28 U.S.C. § 1391(b)(1).

### B. Service of Process

As an additional threshold matter, a court cannot enter default judgment against a defendant until that defendant has been brought within the court's jurisdiction by adequate service of process. *Goldbelt Wolf, LLC v. Operational Wear Armor, LLC,* 2016 WL 1756487, at *3 (E.D. Va. May 3, 2016) (citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 744 F.2d 1087, 1089 (4th Cir. 1984)). The Federal Rules of Civil Procedure authorize service of process on an individual in a manner consistent with state rules for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Here, of course, the Court is located in Virginia, and Defendant was served in Virginia.

Virginia recognizes substituted service. If the party to be served or a member of his family is not found at his usual place of abode, then service can be effectuated by posting a copy of process at the door appearing to be the main entrance of the residence of the party to be served within twelve months of commencement of the action. Va. Code Ann. §§ 8.01-296(2)(b), 8.01-275.1. The serving party must also then mail a copy of process to the served party at least 10 days before default judgment may be entered and, thereafter, file a certificate of such mailing in the office of the clerk of the court. *Id.* Virginia has enacted a savings provision for service of process whereby "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided" elsewhere in the Virginia Code. Va. Code Ann. § 8.01-288. Because of this savings provision, actual notice of a suit remedies any defects of service in Virginia. *Galloway v. Martorello*, 2023 WL 5180332, at *4 (E.D. Va. Aug. 11, 2013).

Although Plaintiff's service of process and prosecution of this case more broadly have been imperfect, the Court is ultimately satisfied that Sergeant Brown has been adequately served. Because this Court sits and Sergeant Brown resides in Virginia, Mr. George did effectively serve

Sergeant Brown with process for this federal action by ascertaining her place of abode and, "being unable to make personal or substitute service," by posting the summons and Complaint at the front door appearing "to be the main entrance to the residence," on July 11, 2024. *See* Va. Code Ann. § 8.01-296(2)(b); Summons Returned Executed. Plaintiff mailed the summons and copy of the Complaint to Sergeant Brown on October 7, 2024. *See* Pl.'s Mot. Modify Dismissal Deadline ¶ 4. The sworn affidavit of Plaintiff's process server reports that notice of this suit did reach Sergeant Brown, since she instructed Mr. Showalter by phone to "post the papers on her door" where "she would get them." Summons Returned Executed. The phone call and subsequent service occurred on July 11, 2024—65 days after Plaintiff filed the Complaint.[1] *Id.* Because Sergeant Brown had actual, timely notice of the lawsuit filed against her, any questions about the proper form of such service are rendered moot. *See* Va. Code Ann. § 8.01-288; *Galloway*, 2023 WL 5180332, at *4.

**C. Defendant's Liability**

Given that Defendant failed to respond to Plaintiff's allegations or otherwise engage with this case, the Court considers the facts alleged in Plaintiff's Complaint admitted. *See GlobalSantaFe Corp.*, 250 F. Supp. 2d at 612 n.3 ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). The Court has determined that the facts alleged in Plaintiff's Complaint, taken as true, state a claim under 42 U.S.C. § 1983.

A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eight Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. *Id.* at 832 (citing

---

[1] The Court notes that the timing of Plaintiff's service here satisfies the federal time limit of 90 days under Fed. R. Civ. P. 4(m).

*Hudson v. McMillian,* 503 U.S. 1 (1992)).  The Eighth Amendment also imposes duties on prison officials, who must provide humane conditions of confinement and take reasonable measures to guarantee the safety of inmates.  *Id.* (citing *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)).

Particularly relevant to the instant case, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833 (citing *Cortes-Quinones v. Jimenez-Nettleship,* 842 F.2d 556, 558 (1st Cir. 1988)).  *See also Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).  Having stripped incarcerated persons "of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course" inside prison walls.  *Farmer*, 511 U.S. at 833.  "Prison conditions may be 'restrictive and even harsh,' but gratuitously allowing the beating . . . of one prisoner by another serves no 'legitimate penological objectiv[e.]'"  *See id.* (first quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), then quoting *Hudson,* 468 U.S. at 548).

Not every injury suffered by one prisoner at the hands of another translates into constitutional liability.  *Id.* at 834.  "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment."  *Cartagena v. Lovell*, 103 F.4th 171, 181 (4th Cir. 2024) (cleaned up).  A prison official responsible for an inmate victim's safety only violates the Eighth Amendment for failure to prevent harm when:  (1) the inmate shows he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison official exhibited the culpable state of mind of "deliberate indifference" to inmate health or safety.  *See Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 302–03 (1991)).

Deliberate indifference is characterized by the prison official's knowing of an excessive risk to inmate health and safety and disregard of that risk "by failing to take reasonable measures to abate it."  *Id.* at 837, 847.  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact that may be inferred from circumstantial evidence, including the fact that

8

the risk was obvious. *Id.* at 842. When a plaintiff has demonstrated intentional violation of the Eighth Amendment, he has also made a showing sufficient to overcome any claim of qualified immunity. *Thorpe v. Clarke,* 37 F.4th 926, 934 (4th Cir. 2022) (internal citation omitted).

Here, accepting Plaintiff's well-pleaded allegations regarding liability as true, Sergeant Brown acted with deliberate indifference to Mr. George's Eighth Amendment right to protection from inmate-on-inmate violence. *See Smith v. Nelson,* 2024 WL 4863293, at *4 (E.D. Va. Nov. 21, 2024). While Mr. George was incarcerated at Sussex II, he had an Eighth Amendment right for correctional officers such as Sergeant Brown to not act in a deliberately indifferent manner toward risks of inmate violence. *See id.* Sergeant Brown, however, actively unlocked Mr. George's cell during a prison lock-down, leaving him exposed to a substantial risk of serious harm by unsecured inmates. *See* Compl. ¶ 11. Sergeant Brown's action enabled inmates from another pod to enter Mr. George's cell and attack him with a shank, which would not have been possible if Mr. George's cell had remained locked. *See id.* at ¶ 12. As a correctional officer, Sergeant Brown would be aware of the obvious—cell doors ought to be locked during a facility lockdown to prevent risk of harm among inmates. Instead, she acted deliberately and unreasonably by unlocking Mr. George's cell during a lockdown, leaving him to suffer at the hands of violent peers. Mr. George was in fact harmed, suffering stab wounds, a chipped tooth, physical pain, and emotional distress. *Id.* at ¶¶ 12, 14. Mr. George, therefore, alleged facts sufficient to state a deliberate indifference claim. The Court grants Plaintiff's Motion for Default Judgment accordingly.

### D. Damages

After a court grants default judgment, the Court must determine appropriate relief. *Cadence Bank, N.A. v. DRAAM, Corp.*, 2025 WL 1564799, at *3 (E.D. Va. Jan. 10, 2025). Unlike factual allegations, which may be taken as true, "the Court does not automatically deem admitted

9

the amount of damages" alleged by the plaintiff. *Alstom Power, Inc. v. Graham*, 2016 WL 354754, at *2 (E.D. Va, Jan. 27, 2016) (citing Fed. R. Civ. P. 8(b)(6)). "When a complaint does not specify the amount of monetary damages, the Court must 'make an independent determination of the sum to be awarded.'" *Id.* (quoting *Labuda*, 2012 WL 1899417, at *2). The Court may rely on documentary evidence to determine the appropriate damages award or conduct an evidentiary hearing. *Labuda,* 2012 WL 1899417, at *2.

In this case, Plaintiff did not specifically plead a damages amount as part of his Complaint. At the December 11, 2025 hearing, Plaintiff requested $747,021.48 in compensatory damages. The Court received evidence as to Plaintiff's damages, including testimony from Mr. George, medical records from Mr. George's treatment following the attack, corresponding medical bills, and recent photographs of scarring Mr. George developed from stab wounds sustained during the attack. After considering the testimony and reviewing all documentary evidence *in camera*, the Court found that an award of $94,042.96 constitutes appropriate damages in this case. Of this sum, $47,021.48 accounts for Mr. George's documented medical expenses arising from treatment of physical injuries following the attack at Sussex II. The remaining $47,021.48 constitutes a reasonable monetary valuation of Mr. George's pain and suffering endured both during and after the attack.

## IV. CONCLUSION

For the reasons set forth above and those stated from the bench, the Court grants Plaintiff's Motion for Entry of Default Judgment (ECF No. 20), pursuant to Federal Rule of Civil Procedure 55(b)(2). An appropriate Order shall issue.

/s/ Roderick C. Young
United States District Judge

Date: December 15, 2025
Richmond, Virginia